IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KIRK J. LUDLOW, | ) | 4:12CV3113 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| BNSF RAILWAY COMPANY, a | ) | |
| Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

    On November 14, 2013, the jury returned a verdict in favor of Defendant on Plaintiff's wrongful discharge claim but in favor of Plaintiff on his retaliation claim under the Nebraska Fair Employment Practice Act ("NFEPA"), Neb. Rev. Stat. §§ 48-1101 *et seq.* The jury awarded Plaintiff damages in the amount of $192,850.00 for lost wages and benefits through the date of the verdict, plus $42,519.00 for loss of future wages and benefits. These backpay and frontpay awards were substantially smaller than what Plaintiff had sought to recover. The jury also declined to award other damages which Plaintiff had claimed, including damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, and the like. The total amount of damages awarded was $235,369.00.

    On December 13, 2013, Plaintiff filed a motion for an award of attorney's fees and costs under the NFEPA.[1] Plaintiff seeks to recover $346,075.43 in fees, plus $24,670.15 for out-of-pocket expenses, for a total award of $370,682.58.

---

[1] The court directed Plaintiff to file the motion by this date and has withheld entry of judgment pending disposition of the motion.

The fee request is based upon a total of 1,388.80 hours of attorney time devoted to litigation activities:[2]

| Attorney | Hours | Rate | |
|---|---|---|---|
| Kyle J. Long | 929.30 | $225 | $209,092.50 |
| Robert G. Pahlke | 340.50 | $350 | $119,175.00 |
| Joshua P. Wunderlich | 80.46 | $130 | $10,459.80 |
| Robert O. Hippe | 1.80 | $250 | $450.00 |
| Jennifer Turco | 1.60 | $100 | $160.00 |
| Totals | 1,388.80 | | $339,337.30 |

In addition, Plaintiff requests $6,738.13 for attorney time related to preparation of the motion for attorney's fees and supporting brief (22.6 hours by Kyle J. Long and 12.59 hours by Joshua P. Wunderlich). In a supplemental motion, Plaintiff requests $11,952.00 for attorney time spent in filing a response to Defendant's post-trial motion and in replying to Defendant's objections to the fee request.

### A. Applicable Legal Standards

Under Nebraska law, "[a] party may recover attorney fees and expenses in a civil action only when a statute permits recovery or when the Nebraska Supreme Court has recognized and accepted a uniform course of procedure for allowing attorney fees." *Vlach v. Vlach*, 835 N.W.2d 72, 78 (Neb. 2013). The NFEPA provides that "any successful complainant shall be entitled to appropriate relief, including temporary or permanent injunctive relief, general and special damages, reasonable attorney's fees, and costs." Neb. Rev. Stat. § 48-1119(4).

---

[2] The fee request does not include "51.6 hours of time related to activities that were either duplicative, administrative, generally dedicated to bringing the attorney's [*sic*] up to speed on the issues involved in the case itself, or otherwise not supported by sufficiently detailed billing entries." Plaintiff's brief (filing 156) at 3.

Unless a statute provides otherwise, an allowance for attorney's fees is for the benefit of the litigant and not counsel. See *Barber v. Barber*, 296 N.W.2d 463, 470 (Neb. 1980); *County of Sarpy v. Gasper*, 30 N.W.2d 67, 69 (Neb. 1947). Under section 48-1119(4), an award of attorney's fees belongs to the "complainant." The plain wording of this statute means that any fee award must be paid to Plaintiff rather than to his attorneys.[3]

"When an attorney fee is authorized, the amount of the fee is addressed to the trial court's discretion, and its ruling will not be disturbed on appeal absent an abuse of discretion." *Gonzalez v. Union Pacific R.R. Co.*, 803 N.W.2d 424, 449 (Neb. 2011). "To determine proper and reasonable fees, a court must consider several factors: the nature of the litigation, the time and labor required, the novelty and difficulty of the questions raised, the skill required to properly conduct the case, the responsibility assumed, the care and diligence exhibited, the result of the suit, the character and standing of the attorney, and the customary charges of the bar for similar services." *Fisher v. PayFlex Systems USA, Inc.*, 829 N.W.2d 703, 714 (Neb. 2013).[4] "The court, in awarding a reasonable attorney fee, may [also] consider the actual agreement existing between a litigant and his attorney, including an obligation to pay a contingent fee. While the actual agreement is neither the sole factor nor a factor to be given any greater weight than any of the other factors, it may nevertheless be considered." *Wear v. State, Dept. of Roads*, 337 N.W.2d 708, 714 (Neb.1983) (citing *Prucka v. Papio Nat. Resources Dist.*, 292 N.W.2d 293, 296 (Neb. 1980)); *see also Lane v. State Farm Mut. Auto. Ins. Co.*, 308 N.W.2d 503, 514 (Neb. 1981). "There is no presumption of reasonableness placed on the amount offered by the party

---

[3] The same is true of attorney fees awarded under 42 U.S.C. § 1988 for federal civil rights claims. See *Venegas v. Mitchell*, 495 U.S. 82, 87 (1990).

[4] The Nebraska Supreme Court "has never specifically approved the 'lodestar multiplier' approach to calculating court-ordered attorney fees." *Eicher v. Mid America Financial Inv. Corp.,* 702 N.W.2d 792, 806 (Neb. 2005).

requesting fees." *Young v. Midwest Family Mut. Ins. Co.*, 753 N.W.2d 778, 783 (Neb. 2008).

### B. Defendant's Objections

Defendant objects to Plaintiff's motion and suggests that the award should be limited to $105,476.22 in attorney's fees. Defendant disputes that out-of-pocket expenses are recoverable under the NFEPA; alternatively, Defendant argues for a $9,004.02 reduction to the amount claimed. Defendant's objections fall into 11 general categories. They will be considered in the order presented by Defendant.

#### 1. Duplicative Activities

Defendant first complains that "[t]he billing records from Plaintiff's counsel are replete with duplicative efforts where more than one attorney attended an office conference, a telephone conference, or engaged in duplicative efforts related to the same task." Defendant's brief (filing 169) at 8-9. Defendant notes, for example, that Mr. Pahlke and Mr. Long billed a total of 62.2 hours for telephone or in-person conferences with each other, not including conferences conducted during and after each day of trial. The time spent by Mr. Pahlke and Mr. Long conferring with each other prior to trial represents about 5% of their total time. Defendant would exclude Mr. Pahlke's time for these conferences and reduce the fee request by $18,645.00.

Plaintiff has submitted affidavits from three highly respected trial attorneys, each of whom opines that it appears from the billing records that the attorneys involved in the litigation were properly managed so that the use of multiple attorneys did not result unnecessarily in the duplication of work, and that they worked together only when necessitated by the circumstances of the case. Declaration of Vince Powers (filing 157-4) ¶14; Affidavit of William Dittrick (filing 157-5) ¶14; Affidavit of David Domina (filing 157-6) ¶14. Defendant has not presented any countervailing evidence

on this issue, nor has it shown that attorneys do not usually bill clients for intra-office conferences in cases such as this. Defendant's objection is denied.

Defendant next states that "Plaintiff's counsel regularly conferenced with, emailed, our otherwise directed the activities of other attorneys, paralegals or staff for a total of 11.59 hours, including the other person's billing for participation in the same conference or email exchange." Defendant's brief at 10. Defendant contends that the fee request should be reduced by $2,632.70 because of this alleged duplication of effort.

Plaintiff points out that 5.96 of these 11.59 hours do not fit within the scope of Defendant's objection. The challenged time entries include a conference between Mr. Long, Mr. Pahlke and Mr. Hippe to review and discuss proposed jury instructions, a half-hour conference between Mr. Long and Defendant's counsel to discuss each party's objections to the other's proposed jury instructions and the preparation of a set of joint jury instructions, a time entry by Mr. Wunderlich for assisting Mr. Long in preparing the opening statement, and a time entry by Mr. Long which was written off by Plaintiff's counsel and not included in the fee request. Plaintiff also notes that Defendant has presented no evidence or authority to show that any of the time entries should not be compensable. Defendant's objection is denied.

Third, Defendant states that "a total of 11.1 hours were spent in meetings, conferences, and telephone conferences involving more than one attorney and the Plaintiff or another witness." Defendant's brief at 11. Defendant argues that Plaintiff should only be able to recover for one attorney's participation in all of these activities, and would reduce the fee request by 5.3 hours and $1,855.00.

Defendant again fails to offer evidence or cite legal authority in support of its position. The proposed reduction in hours is also erroneous. While Defendant would strike 3.0 hours of Mr. Long's time which was spent preparing Plaintiff and his wife for their depositions because Mr. Pahlke was also present, the records show that Mr.

Pahlke only attended this prep session for 0.7 hours. Another 0.4 hours of Mr. Long's time did not even involve a conference, but, rather, involved outlining issues for a motion in limine that was being assigned to Mr. Wunderlich. Defendant's objection is denied.

Finally with respect to this category, Defendant objects that "Plaintiff seeks recovery for all of the duplicative time for both Mr. Pahlke and Mr. Long to prepare for the depositions of Barry Wunker and William Renney, travel to those depositions, and attend those depositions. The total time billed for these activities consist of 125.9 total hours." Defendant's brief at 11. Defendant contends that Plaintiff should not be allowed to recover for 72.9 hours of Mr. Long's time at $16,402.50.

Plaintiff contends the Wunker and Renney depositions necessitated the use of two attorneys because of their complexity, length, and importance. The court is satisfied with this explanation. Mr. Long spent much of his time preparing for the depositions by reviewing documents and outlining topics for questioning, and he then assisted Mr. Pahlke during the depositions by managing exhibits and revising the topical outlines. Mr. Long's preparation time was not duplicated by Mr. Pahlke and Mr. Long's attendance at the depositions appears justified under the circumstances. Defendant's objection is denied.

### 2. Travel Time

Defendant notes that Plaintiff's attorneys spent 136.7 hours in travel time. It argues that such time is not compensable, or at most should not exceed 50% of the attorneys' reasonable hourly rates. However, no evidence is presented in support of this argument, and the court has no independent knowledge that attorneys in this locality customarily will not bill for travel time or will discount their hourly rates. Defendant's objection is denied.

### 3. Administrative or Clerical Activities

According to Defendant, "Plaintiff seeks reimbursement at a full attorney hourly rate for administrative or clerical activities such as taking posters to Federal Express for revisions and printing of posters, picking up exhibits from the Clerk of this Court, updating a litigation planner, creating a copy of a deposition video, contacting a court reporter, emailing deposition transcript intra-firm, and making arrangements with a deposition video editor." Defendant's brief at 13-14. Defendant contends Plaintiff's fee request should be reduced by 2.9 hours and $765.00 to eliminate this non-billable time.[5]

Plaintiff admits "[a]n argument could be made that it is often the case that local custom is not to bill clients for such work," but asserts that "the evidence in this matter weighs in favor of award, as Plaintiff's witnesses all state that in Lincoln and Omaha, it is reasonable to bill clients for those items challenged by Defendant, and that it was necessary for Plaintiff's counsel to perform these tasks in this case." Plaintiff's reply brief (filing 171) at 12. Plaintiff's witnesses, however, have only offered general opinions that "the total number or hours devoted to the case is fair and reasonable in the Lincoln and Omaha legal markets." Powers declaration, ¶ 12; Dittrick affidavit, ¶ 12; Domina affidavit, ¶ 12. The items challenged by Defendant are not specifically discussed. Defendant's objection is sustained.

### 4. Paralegal Activities

Defendant also states that "Plaintiff's counsel billed for activities that were more properly conducted by a paralegal such as internet research, organizing trial exhibits, arranging for the editing of video depositions, and watching video

---

[5] This includes 2.0 hours of Mr. Long's time and 0.9 hours of Mr. Pahlke's time. As will be discussed later, Mr. Pahlke's hourly rate will be reduced from $350 to $275. Consequently the reduction for this objection will be $697.50.

depositions to determine if the designations were appropriately made." Defendant's brief at 14. It is claimed that this time totals 23.40 hours and should be compensated, if at all, at a paralegal rate of $85.00 per hour, and not Mr. Long's attorney rate. Such an adjustment would reduce the fee request by $3,276.00.

Plaintiff denies that the challenged hours are "paralegal work" but has offered no evidence to prove that the activities required an attorney to perform them.[6] Defendant's objection is sustained.

### 5. Inefficiencies

Plaintiff requests compensation for a total of 73.4 hours and $16,915.00 for preparation of Plaintiff's response to Defendant's Motion for Summary Judgment, not including 8.1 hours related to the wrongful discharge claim. Defendant suggests that a "more reasonable amount of time spent on these activities is 50 hours representing a reduction of 23.4 hours and $5,265.00." Defendant's brief at 15.

Plaintiff maintains that the 39-page brief required extensive preparation time because "[t]he statement of facts alone encompasses more than a thousand pages of [deposition] testimony; the research and argument encompass a novel application of the law." Plaintiff's reply brief at 13. The brief was both well-researched and well-written, and it enabled Plaintiff to withstand the summary judgment motion. The number of attorney hours devoted to the brief, although high, is not unreasonable. Defendant's objection is denied.

Defendant also objects to the fact that "Plaintiff requests a total of 105.7 hours representing $30,482.50 for Mr. Pahlke and Mr. Long to engage in the review and annotation of the depositions in this case," excluding 62.6 hours that were spent reviewing depositions for purposes of the summary judgment motion or designation

---

[6] Plaintiff has not included any paralegal time in the fee request.

of trial testimony. Defendant's brief at 15 & n. 11. Defendant contends "[t]he amount of time spent on these general deposition review activities is not justified and should be reduced by this Court by 65 hours or $18,687.50,[7] particularly considering the additional task specific deposition reviews that Plaintiff's counsel also conducted in this case not challenged by BNSF." Defendant's brief at 16.

Plaintiff responds that "[t]here can be any number of reasons to review depositions in a case," Plaintiff's reply brief at 14, but then provides only hypothetical examples rather than explaining why, in fact, it was necessary to devote so many attorney hours to reviewing and annotating depositions in this case. Defendant's objection is sustained.

### *6. Focus Groups and Jury Consultants*

Plaintiff seeks $26,572.50 for 97.1 hours of attorney time that was expended in efforts related to focus groups and jury consultants. Defendant takes the position that none of this time is compensable under the fee-shifting statute, or at least not in a case such as this where the underlying facts are not complex.

Mr. Long states that his firm "performed two focus groups that I designed and moderated" and also "retained two trial consultants to address separate issues in the case." Affidavit of Kyle Long regarding fees and expenses (filing [157-1](157-1)), ¶ 6.v. "The first [consultant] helped provide thematic and structure support, while the second helped to prep our client for his testimony and provided services related to voir dire and opening statement." *Id.* Plaintiff's experts all opine that it is reasonable for a law firm to utilize trial consultants and in-house focus groups, that the two consultants "were used in a reasonable manner," and that the use of two focus groups "was a reasonable expense." Powers declaration, ¶¶ 18, 19; Dittrick affidavit, ¶¶ 18, 19;

---

[7] This figure represents 32.5 hours of each attorney's time. With Mr. Pahlke's hourly rate limited to $275, the reduction will be $16,250.00.

Domina affidavit, ¶¶ 16, 17. Defendant is correct in stating that the facts of the case are not complex, but it was not unreasonable for Plaintiff's counsel to engage in these types of trial preparation. Defendant's objection is denied.

### 7. Unrelated Activities

Defendant next objects that "Plaintiff is requesting compensation for extensive research on breach of contract and promissory estoppel issues related to an amended complaint that was sent to counsel for the Defendant, but never filed with this Court." Defendant's brief at 18. Defendant states that 32.51 hours of attorney time should be excluded from the fee request, resulting in a reduction of $4,226.30.[8]

Plaintiff concedes this point. Plaintiff's reply brief at 2. Accordingly, Defendant's objection is sustained.

### 8. Vague Time Entries

Defendant asserts that "many of the Plaintiff's counsel's time entries are exceedingly vague and do not adequately describe the type of activities performed and how they were necessary to the litigation." Defendant's brief at 18-19. Although Defendant identifies only 12 "vague" time entries for a total of 18.4 hours, it suggests that "a 10% reduction for all of the vague time entries should be utilized." *Id.* at 19. The court finds that the challenged entries are sufficiently descriptive, especially when read in context with surrounding time entries. Defendant's objection is denied.

### 9. Partial Success

Defendant contends there should be a substantial percentage reduction in the fee request because "Plaintiff only prevailed on one of his claims and only on a

---

[8] All of this time was spent by Mr. Wunderlich.

fraction of the amount of damages requested before the jury. The jury in this case found for the Plaintiff on his NFEPA claim, but found for the Defendant on Plaintiff's wrongful discharge in violation of public policy claim. More importantly, however, during closing argument, Plaintiff's counsel requested the jury award the Plaintiff a total of in excess of $850,000.00 in economic damages based on the expert testimony of Jerome F. Sherman, Ph.D. In addition, during closing argument, Plaintiff's counsel suggested the Plaintiff's non-economic compensatory damages should be the equivalent of his economic damages thereby requesting the jury award to the Plaintiff in excess of $1.7 Million. The jury rejected the Plaintiff's request for damages and awarded the Plaintiff only $192,850.00 in back pay, $42,519.00 in front pay, and zero in non-economic damages." Defendant's brief at 19-20. While observing that "Plaintiff recovered approximately 13% of the total damages requested by the Plaintiff's counsel in closing argument," Defendant only argues that "a reduction of 33% in the Plaintiff's attorney's fees is justified." *Id.* at 20.

A reduction for the jury's adverse finding on the wrongful discharge claim is not appropriate because that claim is not subject to the fee-shifting statute. The attorney's fees being sought by Plaintiff all relate to the NFEPA claim.[9]

The court agrees with Defendant, however, that Plaintiff's inability to recover more than a small fraction of the damages sought requires a downward adjustment in the fee request. Because the case was significantly overvalued, Defendant's objection is sustained and Plaintiff's fee request will be reduced by one-third.

### 10. Hourly Rates

Plaintiff's counsel took this case on a contingent fee basis, but the actual terms of the fee agreement are not disclosed. The evidence shows that the hourly rates

---

[9] Because the claims substantially overlap, most of the requested fees are also related to the wrongful discharge claim.

requested for attorneys Long, Hippe, Wunderlich, and Turco are the rates that they would normally charge. Mr. Pahlke's normal hourly rate is not disclosed. Plaintiff indicates that the $350 per hour charge for Mr. Pahlke is instead based on the opinion of Mr. Domina. *See* Plaintiff's brief at 5; Domina affidavit, ¶ 11. Plaintiff notes that Mr. Powers has offered the opinion that $350 is too low, and that Mr. Pahlke should instead charge $400 per hour, *see* Powers declaration, ¶ 11, while Mr. Dittrick has opined that $325 per hour would be a reasonable charge, *see* Dittrick affidavit, ¶ 11.

Defendant's expert, Randall L. Goyette, who is another highly respected trial attorney, opines that a reasonable hourly rate for Mr. Pahlke would range from $225 to $275 per hour and a reasonable hourly rate for Mr. Long would range from $165 to $225 per hour. *See* Affidavit of Randall L. Goyette (filing [170-7](#)), ¶¶ 11-12. Mr. Goyette further states that is not aware of any attorney in Lincoln or Omaha who would bill $350 per hour for a case of this type. *See id.*, ¶ 11.[10]

Defendant "submits a reasonable hourly rate for Mr. Pahlke is $250.00 per hour and a reasonable hourly rate for Mr. Long is $195 per hour, the midpoints in the ranges outlined by Mr. Goyette." Defendant's brief at 24. The court will not make any adjustment to Mr. Long's hourly rate of $225, which is at the top end of the range identified by Mr. Goyette. The court will, however, reduce Mr. Pahlke's hourly rate to $275, which is also at the top end of the range identified by Mr. Goyette. In the court's estimation, this represents a reasonable hourly rate for attorneys of comparable skill and experience in this market.

With this $75 per hour reduction to Mr. Pahlke's rate, Plaintiff's fee request, excluding Mr. Long's and Mr. Wunderlich's time associated with the preparation of the motion for attorneys' fees and supporting brief, totals $313,799.80 ($339,337.30 -

---

[10] Mr. Goyette expresses no opinion regarding the propriety of the number of attorney hours that were devoted to the case. *See* Goyette affidavit, ¶ 5.

$25,537.50).[11] As explained above, the court has also determined that the fee request should be reduced by $697.50 for administrative and clerical activities that were performed by Mr. Pahlke and Mr. Long, by $3,276.00 for paralegal activities that were performed by Mr. Long, by $16,250.00 for Mr. Pahlke's and Mr. Long's review and annotation of depositions, and by $4,226.30 for unrelated activities that were performed by Mr. Wunderlich. With these additional reductions, Plaintiff's fee request becomes $289,350.00. Discounting this amount by one-third for partial success, the court finds that a reasonable attorney's fee for Plaintiff to recover from Defendant for the litigation is $192,900.00. In addition, Defendant does not dispute that Plaintiff is entitled to recover a fee for 22.6 hours of Mr. Long's time and 12.59 hours of Mr. Wunderlich's time spent preparing the motion for attorney's fees, which amounts to $6,738.13. The total fee award is then $199,638.13.

### *11. Expenses*

Plaintiff seeks a total of $24.670.15 in "non-taxable costs" (*i.e.*, out-of-pocket expenses). Defendant objects that "non-taxable costs" are not recoverable under Neb. Rev. Stat. § 48-1119(4). Alternatively, Defendant argues that certain out-of-pocket expenses should be excluded and Plaintiff's recovery limited to $15,666.13.

The Nebraska Supreme Court has not addressed whether "non-taxable costs" are available under Neb. Rev. Stat. § 48-1119(4), but because the NFEPA is patterned after Title VII, *see Bonn v. City of Omaha*, 814 N.W.2d 114, 121 (Neb.App. 2012), it is appropriate to look to federal court decisions applying 42 U.S.C. § 1988. Under the federal statute, out-of-pocket expenses of the kind normally charged to clients by attorneys may be included as part of the reasonable attorney's fees awarded. *See Pinkham v. Camex, Inc.*, 84 F.3d 292, 295 (8th Cir. 1996).

---

[11] 340.5 hours x $75.00 = $25,537.50.

Plaintiff seeks a total of $3,682.11 in expenses related to focus groups and jury consultants. Denying Defendant's objection, the court finds that such expenses were reasonably incurred and should be recoverable as part of Plaintiff's attorney fees. *See, e.g.*, *Gilster v. Primebank*, 884 F. Supp. 2d 811, 881 (N.D. Ia. 2012) (witness preparation and jury consultant services), *rev'd on other grounds*, ___ F.3d ___, 2014 WL 1356814 (8th Cir. 2014); *Lewis v. Heartland Inns of America*, 764 F. Supp. 2d 1037, 1049 (S.D. Ia. 2011) (focus group).

Plaintiff also seeks reimbursement of $2,100.00 for expert witness fees. The federal statute expressly provides for the recovery of expert witness fee. *See* 42 U.S.C. § 1988(c). The Nebraska statute does not. In *Young v. Midwest Family Mut. Ins. Co.*, 753 N.W.2d 778, 784 (Neb. 2008), the Nebraska Supreme Court ruled that expert witness fees are not recoverable under another statute providing for an award of reasonable attorney's fees. In light of that ruling, Defendant's objection will be sustained as to this amount.

Although the Eighth Circuit has held that the cost of computer-based research must be factored into an attorney's hourly rate, "[t]he prevailing view among other circuits is to permit awards to reimburse counsel for the reasonable costs of online legal research." *In re UnitedHealth Group Inc. Shareholder Derivative Litigation*, 631 F.3d 913, 918-19 (8th Cir. 2011); *see also Morales v. Farmland Foods, Inc.*, No. 8:08CV504, 2013 WL 1704722, *7 n. 9 (D.Neb. 2013) (including computerized legal research charges in fee award in FLSA case). Thus, because I am applying Nebraska law, Defendant's objection is denied.

Finally, Defendant objects to several smaller charges. Two of the objections will be sustained. First, Plaintiff cannot recover $99.77 that he spent for his own motel room when his deposition was taken. *See Williams v. ConAgra Poultry Co.*, 113 Fed.Appx. 725, 728, 2004 WL 2472274, *2 (8th Cir. 2004) (plaintiffs' own travel expenses not recoverable as part of attorney's fee). Second, the evidence shows that while Plaintiff's counsel only charged ½ of his travel time to a deposition in Denver

-14-

4:12-cv-03113-RGK-CRZ   Doc # 178   Filed: 05/22/14   Page 15 of 17 - Page ID # 1664

because he engaged in other business during that trip, he did not make a similar adjustment to mileage charges and other travel expenses. A reduction of $268.22 is indicated. Defendant's objections to other minor expense items are not substantiated and are denied.

In summary, Plaintiff's request for an award of "non-taxable costs" will be reduced by $2,467.99 ($2,100.00 + $99.77 + $268.22). The allowable expenses total $22,202.16.

### *C. Supplemental Motion for Attorney Fees*

In a supplemental motion, Plaintiff requests attorney's fees for 70.7 hours broken down in the following four categories: (1) a total of 33.5 hours (20.0 hours by Mr. Long and 13.5 hours by Mr. Wunderlich) for work on Plaintiff's brief in opposition to Defendant's motion for judgment as a matter of law or for new trial; (2) a total of 35.3 hours (0.2 hours by Mr. Pahlke, 7.4 hours by Mr. Long, and 27.7 hours by Mr. Wunderlich) for work on the Plaintiff's reply brief in support of motion for fees and costs; (3) a total of 0.7 hours (by Mr. Wunderlich) for work on Plaintiff's supplemental motion for attorney's fees and costs and related documents; and (4) a total of 1.2 hours (by Mr. Long) spent on miscellaneous matters. Defendant "does not challenge the propriety of the Plaintiff's recovery of the time expended in categories three and four." Defendant's supplemental brief (filing 174) at 2-3.

The court agrees with Defendant that the amount of time spent by Plaintiff's counsel drafting briefs (categories one and two) is clearly excessive. Additionally, the court for the most part did not adopt Plaintiff's reasoning in denying Defendant's post-trial motion, and several of Defendant's objections to the motion for attorney's fees have been sustained despite Plaintiff's reply.

Defendant suggests that a reasonable number of hours for preparation of Plaintiff's response to the post-trial motion is 16.75 hours, which represents one-half

of the hours claimed by Plaintiff. By comparison, Defendant's counsel billed a total of 21.9 hours researching and briefing the post-motion, including the preparation of a reply brief. The court finds that 16.75 hours is reasonable, and will award Plaintiff $2,250.00 for 10.0 hours of work billed at Mr. Long's hourly rate of $225, plus $877.50 for 6.75 hours of work billed at Mr. Wunderlich's hourly rate of $130, for a total of $3,127.50.

As to the second category, the amount of time spent on the reply brief is more than the combined amount of time that was spent in preparing Plaintiff's motion for attorney's fees and the original brief. Defendant suggests that 23.5 hours is reasonable. The court agrees and will award Plaintiff $2,600.00 for 20.0 hours of work billed at Mr. Wunderlich's hourly rate of $130, plus $787.50 for 3.5 hours of work billed at Mr. Long's hourly rate of $225, for a total of $3,387.50.

The court will also award Plaintiff $91.00 for the 0.7 hours Mr. Wunderlich spent preparing the supplemental motion and $270.00 for the 1.2 hours Mr. Long spent on miscellaneous activities. The total amount awarded on the supplemental motion is $6,876.00 ($3,127.50 + $3,387.50 + $91.00 + $270.00).

Accordingly,

IT IS ORDERED:

1. Plaintiff's motion for attorney's fees (filing 155) is granted in part and denied in part, as follows:

    a. Plaintiff is awarded a reasonable attorney's fee in the amount of $199,638.13, plus reasonable out-of-pocket expenses in the amount of $22,202.16.

    b. In all other respects, the motion is denied.

2. Plaintiff's supplemental motion for attorney's fees (filing 172) is granted in part and denied in part, as follows:

   a. Plaintiff is awarded a reasonable attorney's fee in the amount of $6,876.00.

   b. In all other respects, the motion is denied.

3. Final judgment shall be entered by separate document.

May 22, 2014.                              BY THE COURT:

                                           *Richard G. Kopf*
                                           Senior United States District Judge